# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MICHELLE GRUNDY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 09-1342-JWL** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding the ALJ erred in failing to provide a narrative discussion describing how the evidence supports each residual functional capacity (RFC) conclusion, the court ORDERS that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's decision and REMANDING for further proceedings consistent with this opinion.

## I.     Background

Plaintiff applied for DIB and SSI on March 15, 2007 alleging disability since January 1, 2000. (R. 10, 134-45). The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge (ALJ). (R. 10, 65-76, 80-87). Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Michael A. Lehr on November 17, 2008. (R. 10, 19-61). At the hearing, testimony was taken from Plaintiff and from a vocational expert. Id. On December 24, 2008, ALJ Lehr issued his decision finding Plaintiff is not disabled within the meaning of the Act, and denying her applications. (R. 10-18). Plaintiff sought, but was denied Appeals Council review of the decision. (R. 1-3, 6). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 3); Cowan v. Astrue, 552 F.3d 1182, 1184 (10th Cir. 2008). Plaintiff now seeks judicial review.

## II.     Legal Standard

The court's jurisdiction and review are guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1051-52 (10th Cir. 2009) (citing 42 U.S.C. § 405(g)). Section 405(g) of the Act provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind

might accept to support a conclusion.  <u>Wall</u>, 561 F.3d at 1052; <u>accord</u>, <u>Gossett v. Bowen</u>, 862 F.2d 802, 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  <u>Bowman v. Astrue</u>, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting <u>Casias v. Sec'y of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991)); <u>accord</u>, <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  <u>Gossett</u>, 862 F.2d at 804-05; <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months.  <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)).  The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step, sequential process to evaluate disability.  20 C.F.R. §§ 404.1520, 416.920 (2008); <u>Wilson v. Astrue</u>, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing <u>Williams v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a

determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Id. (quoting Lax, 489 F.3d at 1084.)

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment, and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. If the claimant's impairments do not meet or equal a listed impairment, the Commissioner assesses her RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five-- whether claimant can perform her past relevant work, and whether, when considering vocational factors of age, education, and work experience, she is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (citing Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show jobs in the national economy within Plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the Commissioner erred in evaluating the credibility of Plaintiff's allegations of symptoms and in assessing Plaintiff's RFC. Plaintiff makes three distinct allegations (each containing numerous subordinate allegations) of error with regard to the

RFC assessment. (Pl. Br. 17-26). She argues that: (1) the ALJ erred in evaluating the evidence (Pl. Br. 17-21) (Reply 2-4); (2) the ALJ erred in evaluating the opinion evidence (Pl. Br. 21-24) (Reply 4-6); and (3) the ALJ erred in failing to provide a narrative discussion properly explaining how the evidence supports the RFC assessed. (Pl. Br. 24-26) (Reply 6-7). The Commissioner argues that the ALJ discussed and applied the correct standard for evaluating credibility. (Comm'r Br. 4-6). With regard to RFC assessment, the Commissioner argues that the ALJ did not err because he properly considered the evidence and the opinion evidence, and sufficiently linked his RFC assessment to the medical evidence. (Comm'r Br. 8-14).

The court finds that even if it assumes that the ALJ properly evaluated the credibility of Plaintiff's allegations, and properly evaluated the evidence and the opinion evidence, it must remand for further proceedings because the ALJ did not provide a narrative discussion describing how the evidence supports his RFC conclusions that Plaintiff can have only occasional contact with co-workers, and no contact with the general public secondary to her psychological impairments. For purposes of this opinion, the court assumes without deciding that the ALJ properly evaluated the credibility of Plaintiff's allegations, and properly evaluated the evidence and the opinion evidence in making his RFC assessment, and will discuss only the issue which it finds dispositive of this case. On remand, Plaintiff may make her arguments regarding credibility and evaluation of the evidence and the opinions, and the Commissioner is directed to perform a complete and proper RFC assessment.

## III.     Narrative Discussion in the RFC Assessment

Plaintiff claims the ALJ erred in failing to provide a narrative discussion properly explaining how the evidence supports the RFC assessed.  (Pl. Br. 24-26) (Reply 6-7).  She argues that the ALJ did not provide any link between the RFC assessed and the record evidence.  (Pl. Br. 25).  Specifically, she argues (1) that the ALJ did not explain how the evidence supported the physical limitations assessed, even though the ALJ "gave significant weight to Dr. Woolley's assessment;" and (2) that the ALJ simply guessed that Dr. Woolley's limitations in concentration and clarity of thought would equate to a limitation to simple, unskilled work, and thereby erred in assessing those limitations.  (Pl. Br. 25-26).  Finally, she argues (3) that the ALJ did not provide a narrative discussion explaining how the evidence supports a finding that Plaintiff can have only occasional contact with co-workers and no contact with the general public, and thereby violated Social Security Ruling (SSR) 96-8p.  (Pl. Br. 25).  The Commissioner argues that the ALJ sufficiently linked his RFC assessment to the medical evidence.  (Comm'r Br. 13).  He argues that Dr. Woolley's opinion is medical evidence supporting the physical RFC assessment, and that the restriction to simple, unskilled work is a reasonable finding based upon Dr. Woolley's opinion that Plaintiff's medications would affect her concentration.  (Comm'r Br. 13-14).  He also argues that the ALJ's limitations regarding contact with others (only occasional contact with co-workers and no contact with the general public) "is consistent with Plaintiff's report that she had trouble getting along with others, avoided authority figures, and did not do well under stress," and suggests that

after such testimony Plaintiff cannot argue she has no limitations in this respect.

(Comm'r Br. 13-14). In her reply, Plaintiff argues that the ALJ simply did not explain the

basis for these limitations since "[m]ost of the opinions indicated that she was much more

limited due to her mental problems and one indicated that she did not have any

limitations." (Reply 6). She argues that the Commissioner's reasoning fails because the

ALJ found her testimony not credible, and also because it was not the ALJ's rationale and

is, therefore, merely post hoc rationalization.

> The ALJ made an RFC assessment as follows:
>
> After careful consideration of the entire record, the undersigned finds that
> the claimant has the residual functional capacity to perform light work as
> defined in 20 CFR 404.1567(b) and 416.967(b) except she can stand for up
> to 30 minutes at a time for up to 4 hours in an 8 hour work day; can sit for
> up to 2 hours continuously for up to 8 hours in an 8 hour work day;
> unlimited pushing and pulling ability. She could occasionally climb,
> balance, stoop, kneel, crouch, or crawl. She could frequently reach, handle,
> and finger. No environmental restrictions. She does not need to lie down
> during the day. She is limited to simple, unskilled work because of side
> effects of medication. Additionally, she can have only occasional contact
> with co-workers and no contact with the general public secondary to her
> psychological impairments.

(R. 14).

As Plaintiff argues, an RFC assessment is to be made in accordance with SSR 96-

8p. The Commissioner has promulgated regulations regarding RFC assessment. 20

C.F.R. §§ 404.1545-1546, 416.945-946. In assessing RFC, the Commissioner is to

consider a claimant's abilities to meet the demands of work despite her impairment(s).

Id. at §§ 404.1545, 416.945. The assessment is to be based upon all relevant evidence in

the record and is to include consideration of the limitations caused by all of the claimant's impairments, including impairments which are not "severe" as defined in the regulations. Id. at §§ 404.1545(a & e), 416.945(a & e). The assessment is to consider physical abilities, mental abilities, and the ability to tolerate various work environments. Id. §§ 404.1545(b,c,d), 416.945(b,c,d).

The Commissioner issued SSR 96-8p "[t]o state the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits." West's Soc. Sec. Reporting Serv., Rulings 143 (Supp. 2009). The Ruling includes narrative discussion requirements. Id. at 149. "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Id. The narrative discussion must include consideration of the credibility of plaintiff's allegations of symptoms and consideration of opinions regarding plaintiff's capabilities. Id. at 149-50.

In making his RFC assessment, it is insufficient for the ALJ to simply summarize the evidence, but to fail to relate it to his conclusions. Tracy v. Barnhart, 518 F. Supp. 2d 1291, 1298-99 (D. Kan. 2007) (citing Wolf v. Barnhart, Case No. 05-1028-JTM, 2006 WL 2264006 (D. Kan. July 25, 2006); and Kency v. Barnhart, Case No. 03-1190-MLB, slip op at 7, 9 (D. Kan. Nov. 16, 2004)); accord, Cruse v. Dep't. of Health & Human Servs., 49 F.3d 614, 618 (10th Cir. 1995) (ALJ generally discussed the evidence but did

not relate it to his conclusions). The ALJ's decision must be "sufficiently articulated so that it is capable of meaningful review." Spicer v. Barnhart, 64 Fed. Appx. 173, 177-78, 2003 WL 21000999, *5 (10th Cir. 2003).

Because the court assumes that the ALJ properly evaluated the credibility of Plaintiff's allegations, and properly evaluated the evidence and the opinion evidence in making his RFC assessment, it must also assume without deciding that Dr. Woolley's opinion is substantial evidence in the record supporting the physical RFC assessed by the ALJ, and that a limitation to simple, unskilled work would accommodate Dr. Woolley's assessment that Plaintiff has "trouble with concentration and clarity of thought." (R. 15). Therefore, the dispositive issue in this case is whether the ALJ has provided a proper narrative discussion in accordance with the regulations, SSR 96-8p, and case law, which describes how the evidence supports the conclusion that Plaintiff can have only occasional contact with co-workers and no contact with the general public due to mental impairments, and cites specific medical facts and nonmedical evidence in support.

In his RFC analysis, the ALJ simply said nothing regarding how he arrived at the conclusion that Plaintiff can have occasional contact with co-workers and no contact with the general public. (R. 14-16). He stated his finding in this regard, and that Plaintiff testified, "She has trouble getting along with others, such as a neighbor," (R. 14), but he did not cite any medical facts and nonmedical evidence, or describe how the evidence supports the conclusions. Moreover, the ALJ found Plaintiff's testimony not credible. (R. 15). Although the ALJ stated that his RFC assessment was "supported by the medical

record as a whole, including the testimony at the hearing," (R. 16) he cited to no record evidence related to contact with others and made no effort to explain how the evidence supported the conclusions he reached.

The Commissioner's argument that the ALJ's limitations regarding contact with others is consistent with Plaintiff's report that she avoided authority figures and did not do well under stress, has some support in the record, but was not mentioned in the ALJ's decision. It is merely the Commissioner's post hoc rationalization to support an ALJ's RFC assessment which failed to follow the requirements of SSR 96-8p. An ALJ's decision should be evaluated based solely on the rationale stated in the decision. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004) (citing Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168-69 (1962)). It cannot be affirmed on the basis of counsel's post hoc rationalizations for agency action, Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985), and a reviewing court may not create post hoc rationalizations to explain the treatment of evidence when that treatment is not apparent from the decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).

Moreover, the Commissioner's suggestion that Plaintiff cannot argue she has no limitations in this regard misses the thrust of Plaintiff's argument. Plaintiff does not suggest that she has no limitations in this area, or that she has lesser limitations than assessed by the ALJ. Rather, her argument implies that she is more limited than the ALJ assessed. (Pl. Br. 25) ("Opinions the ALJ discounted or disregarded indicated that

Grundy was much more limited by her mental impairments."); (Reply 6) ("most of the opinions indicated that she was much more limited due to her mental problems").

Although the ALJ in general summarized the evidence he relied upon in his RFC assessment, he did not include evidence regarding limitations in Plaintiff's ability to have contact with others, and his narrative discussion was not sufficiently articulated to provide for meaningful judicial review in this regard.

Remand is necessary to allow the Commissioner to ensure that a proper RFC assessment is made including a narrative discussion "describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2009). On remand, Plaintiff may make her remaining arguments, and the Commissioner is reminded that an entirely new RFC assessment will be necessary in accordance with SSR 96-8p, to include evaluation of the evidence, of the credibility of Plaintiff's allegations of symptoms, and of the opinions including medical opinions and "other source" opinions.

**IT IS THEREFORE ORDERED** that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's decision, and REMANDING the case for further proceedings in accordance with this opinion.

Dated this 13th day of October 2010, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**